1  Edgardo M. Lopez SBN 129575
   Marlon B. Baldomero SBN 261790
2  LAW OFFICES OF EDGARDO M. LOPEZ
   3600 Wilshire Boulevard, Suite 1716
3  Los Angeles, CA 90010
   Telephone: (213) 380-3939
4  Facsimile: (213) 380-1611

5  Attorney for Plaintiffs LYNDON MANGONON and
   CITADEL MANGONON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| LYNDON MANGONON and CITADEL MANGONON, individuals, | CASE NO. _____ |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DAMAGES:** |
| vs. | 1. **NEGLIGENCE** |
| UNITED STATES OF AMERICA, STEPHEN ANTHONY GLUMAZ, an individual and DOES 1 through 50, inclusive, | 2. **VICARIOUS LIABILITY [Respondeat Superior]** |
| | 3. **LOSS OF CONSORTIUM** |
| Defendants. | |

Plaintiffs, LYNDON MANGONON and CITADEL MANGONON, by and through their attorneys, allege as follows:

**JURISDICTION AND VENUE**

1. This is a civil action against the UNITED STATES OF AMERICA brought pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. Jurisdiction is proper pursuant to 28 U.S.C. §1346.

2. Venue of this action is based 28 U.S.C. §1402. All or part of the acts or omissions giving rise to Plaintiffs' claim occurred in this judicial district. Specifically, the auto accident occurred in this judicial district.

COMPLAINT
1

# PARTIES

3. Plaintiff LYNDON MANGONON ("LYNDON"), is an individual and was at all relevant times, a resident in the County of San Francisco, State of California.

4. Plaintiff CITADEL MANGONON ("CITADEL"), is an individual who is the wife of LYNDON and was at all relevant times, a resident in the County of San Francisco, State of California.

5. Defendant UNITED STATES OF AMERICA ("USA") exist under and by virtue of its own laws, has waived sovereign immunity, and is subject to liability for the torts alleged herein pursuant to 28 U.S.C. §2674.

6. Defendant STEPHEN ANTHONY GLUMAZ, is an individual, and at all relevant times herein, was an employee of Defendant USA, as an officer of the Department of Homeland Security, and was acting in the course and scope of hi employment.

7. The true name of and capacities of defendants sued as DOES 1 through 50 are unknown to plaintiffs and plaintiffs pray leave to amend to allege the true names and capacities when ascertained.

# GENERAL ALLEGATIONS

8. On or about November 9, 2016, at around 8:45 p.m., LYNDON driving a 2004 Toyota Highlander ("Toyota"), was travelling west bound on Mansell Street who made a full stop at the "stop sign" at the intersection of Mansell Street and San Bruno Avenue, San Francisco ("intersection"). Mansell Street only goes one-way heading west bound and is controlled by a stop sign at the intersection. San Bruno Avenue on the other hand, runs in north-south direction and is controlled by stop signs in both direction at the intersection.

9. After LYNDON made a full stop at the intersection, he proceeded west bound on Mansell Street and while in the intersection, LYNDON's Toyota was violently struck by 2007 Chevy Tahoe ("Chevy Tahoe") driven by defendant STEPHEN ANTHONY GLUMAZ ("GLUMAZ"), an employee of the United States Department of Homeland Security ("DHS").

GLUMAZ was travelling north bound on San Bruno Avenue but failed to stop at the stop sign and entered the intersection at a fast rate of speed causing the collision.

10. Upon information and belief, GLUMAZ was responding to an emergency call when the accident occurred.

11. As a result of the accident, plaintiff LYNDON was hospitalized for a substantial period of time due to severe injuries including rib fractures and head injuries causing him to miss time from work and following his discharged, LYNDON continued feel pain, physically and emotionally and mentally. On the other hand, CITADEL, was deprived of loss of consortium, affection, comfort and solace, conjugal society and sexual relations.

## FIRST CAUSE OF ACTION – NEGLIGENCE

12. Plaintiffs reallege and incorporate by reference each and every allegation of this Complaint.

13. The defendants had a duty to provide reasonable care and defendants breached its duty of care when: (a) they caused defendant GLUMAZ to collide with LYNDON's car; (b) GLUMAZ failed to observe safe speed when he drove the Chevy Tahoe into the intersection in an unsafe speed for the road condition and; (c) the USA and/or DHS failed to properly supervise GLUMAZ, who was its employees/agents, in vehicle driving activities under similar condition which caused the accident.

14. As a direct and proximate result of defendants' negligence, LYNDON sustained serious and permanent personal injuries; he has incurred medical expenses and other damages and will continue to incur medical expenses and other damages int eh future. LYNDON was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering and mental anguish in the future. Moreover, he has lost wages and will continue to lose wages in the future.

15. As a direct and proximate result of defendants' negligence, CITADEL has suffered a lost of enjoyment of life, including but not limited to, loss of consortium, affection, comfort, solace, conjugal society and sexual relations and will continue to suffer the enjoyment of life as described, in the future.

## SECOND CAUSE OF ACTION – VICARIOUS LIABILITY

16. Plaintiffs reallege and incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint.

17. At all times relevant to this action, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the defendants.

18. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff acted within their respective capacities and scopes of employment of defendants.

19. The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly, directly and proximately caused personal injury to plaintiffs including both acts of omission and acts of commission.

20. As a direct and proximate result of defendants' negligence, plaintiffs sustained serious and permanent personal injuries where they incurred medical expenses and other damages and will continue to incur medical expenses and other damages in the future.

## THIRD CAUSE OF ACTION - LOSS OF CONSORTIUM

21. Plaintiffs reallege and incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint.

22. Plaintiffs LYNDON and CITADEL were lawfully married at all times relevant to this action, and now are husband and wife.

23. As alleged above, and as a result of the conduct of the defendants, LYNDON sustained severe and permanent injuries and damages.

24. As a direct and proximate result of the above-mentioned injuries suffered by CITADEL's spouse, LYNDON, CITADEL has been deprived, continues to be deprived in the future, of her spouse's companionship, affection, love, sexual relations, conjugal fellowship, physical assistance in maintaining the family home and comfort for a non-determinable length of time, which deprivation has caused, continues to cause, and in the future is expected to cause plaintiff to suffer depression, emotional distress, loss of earning capacity, past, present, and future, and other injuries, the full extent of which has not yet been ascertained but which will be stated according to proof at trial.

25. As a further direct and proximate result of the aforesaid conduct of defendants, and each of them, CITADEL has sustained a loss of consortium, love, society, comfort and affection with respect to LYNDON and has thereby sustained pecuniary loss in a sum within the jurisdictional limits of the Court, which will be stated according to proof at trial.

## **DEMAND FOR JURY**

Plaintiffs hereby demand that this action be tried by a jury.

## **PRAYER**

**WHEREFORE**, plaintiffs pray for judgment as follows"

1. For general non-economic damages according to proof at trial;
2. For medical expenses and other economic damages according to proof;
3. For prejudgment interest according to proof;
4. For damages for loss of consortium, as to CITADEL MANGONON, according to proof at trial;
5. Damages for loss of earnings;

6. Litigation costs and fees; and

7. Such other and further relief as the Court deems just and proper,

DATED: July 29, 2019.

                  LAW OFFICES OF EDGARDO M. LOPEZ

                  By:

                  EDGARDO M. LOPEZ
                  MARLON B. BALDOMERO
                  Attorneys for Plaintiffs
                  LYNDON MANGONON
                  CITADEL MANGONON